# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                          **Case No. 98-CR-69**

**MICHAEL EARVIN**
    **Defendant.**

## ORDER

Defendant Michael Earvin moves pursuant to Fed. R. Crim. P. 36 for entry of an amended judgment reflecting a grant of 365 days of sentence credit. Rule 36 allows the court to correct clerical errors in a judgment, but defendant points to no such error. The judgment reflects the oral sentence I pronounced. See United States v. Becker, 36 F.3d 708, 710 n.2 (7th Cir. 1994).

Rather, defendant contends that the Bureau of Prisons ("BOP") has miscalculated his release date, and he seeks amendment of the judgment to remedy the error. Rule 36 does not permit substantive modifications. See id. Further, a defendant dissatisfied with the BOP's calculation of his sentence should, after exhausting appropriate administrative remedies, raise such a challenge under 28 U.S.C. § 2241 in the district of confinement, not with the sentencing court. See, e.g., Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir. 1992); see also United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002) (citing Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001)).

**THEREFORE, IT IS ORDERED** that defendant's motion for correction of clerical error

is **DENIED**.[1]

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] I do note that according to the BOP's website, defendant's projected release date is July 2, 2009, not October 2009 as defendant states in his motion.